UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SIZEMORE, | : | Case No. 1:05-cv-115 |
| | : | |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to disability income benefits insurance ("DIB") and Supplemental Security income ("SSI"). (*See* Administrative Transcript ("Tr.") 13-18) (ALJ's decision).)

**I.**

On September 15, 2005, Plaintiff filed an applications for DIB and SSI alleging a disability onset date of April 18, 1978, due to "being an ex-convict" and therefore "unemployable." (*See* Tr. 38-40.)

Plaintiff's claims were denied initially and on reconsideration. Plaintiff declined to appear at a hearing before an Administrative Law Judge (ALJ) and instead requested

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

that a decision be make on the record. (Tr. 80-82.).

On October 28, 2004, the ALJ entered his decision finding Plaintiff not disabled because he did not have severe impairment. That decision became Defendant's final determination upon denial of review by the Appeals Council on December 20, 2004 (Tr. 5-9.)

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

 1. The claimant met the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act on his alleged disability onset date, and he was insured for benefits through June 30, 1980, but not thereafter.

 2. The claimant has not engaged in substantial gainful activity at any material time.

 3. The claimant has medically determinable impairments consisting of history of melanoma and basal cell carcinoma, degenerative joint disease of the lumbar spine, history of myocardial infarction, and a personality disorder.

 4. The claimant does not have any impairment, or impairments, that significantly limit his ability to perform basic work-related activities. Therefore, he has no "severe" impairment.

 5. The claimant was no disabled, as defined in the Social Security Act, at any time through the date of this decision.

(Tr. 17 - 18.)

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DBI and/or SSI.

On appeal, Plaintiff, appearing *pro se*, argues generally that the ALJ erred in

finding that he is not eligible for benefits.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

## III.

Here, the ALJ applied the sequential evaluation process required by the federal regulations, and found at step two that, although Plaintiff had a history of melanoma and basal cell carcinoma, degenerative joint disease of the lumbar spine, history of myocardial infarction, and a personality disorder, he did not have a "severe" impairment within the meaning of the Act (Tr. 17, 18). *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c),

404.1520a(d)(1), 416.920(a)(4)(ii), 416.920(c), 416.920a(d)(1).[2]

Thus, upon review of the medical evidence, the ALJ found that Plaintiff did not meet his burden of showing that he had any impairment(s) that imposed significant work-related functional restrictions (Tr. 14-17).  *See* Yuckert, 482 U.S. at 147 n.5 (claimant bears burden of showing through step four that her impairments prevent her from performing her past work).

For the reasons that follow, the undersigned finds that the ALJ's decision is supported by substantial evidence and should therefore be affirmed.

Here, Plaintiff's own statements and reported activities support the ALJ's finding that he did not have any impairments that significantly limited his ability to perform basic work activities.  Notably, Plaintiff's application for disability benefits indicated that he could not work due to being an ex-convict and unemployable, rather than because of any physical or mental difficulties. ( Tr. 46).  He told Dr. Fritzhand that he never said that he was prevented from working by a physical problem; rather, he claimed that he could not work because he would never have anyone tell him what to do.  (Tr. 153).

Furthermore, Dr. Rosenthal, a clinical psychologist, evaluated Plaintiff and reported that Plaintiff was of average intelligence and that his ability to understand, remember, and follow simple one- or two-step job instructions was not impaired.  (Tr.

---

[2] An impairment is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities; an impairment that is not severe must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic activities.  See 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling (SSR) 96-3p.

180). Dr. Rosenthal concluded Plaintiff's ability to tolerate the stress of day-to-day employment might be mildly impaired as he would likely become frustrated easily and might walk off a job. (Tr. 180). Dr. Rosenthal also noted that Plaintiff's ability to relate to bosses, co-workers, and the general public was mildly impaired, but Plaintiff reported no problem interacting with family members. (Tr. 180). Dr. Coffman and Dr. Lewin, state agency psychologists, reviewed the record evidence and concluded Plaintiff did not have a severe mental impairment. (Tr. 161-74).

Additionally, Plaintiff's reported activities that are consistent with the ALJ's determination that he did not have an impairment or combination of impairments that significantly limited his physical or mental ability to perform work-related activities.

Plaintiff was able to drive and shop in stores. (Tr. 60, 177). He was able to pay bills, count change, handle a savings account, and use a checkbook/money orders. (Tr. 61). Plaintiff's activities included writing, and he was working on writing a novel. (Tr. 55, 178). He occasionally read fiction novels. (Tr. 178). Plaintiff also indicated that he worked out and was certified as a personal trainer. (Tr. 55). Plaintiff reported that he could walk "miles" for "endless hours" (Tr. 62); he took long walks daily for about an hour. (Tr. 178). He exercised for forty-six minutes three or four times per week. (Tr. 178). Plaintiff also had regular contact with family members and often had telephone contact with relatives (Tr. 178).

Accordingly, the undersigned finds that Plaintiff failed to meet his burden of showing he had an impairment or combination of impairments that significantly limited

his ability to do basic work activities. Thus, the ALJ's decision that Plaintiff was not disabled is supported by substantial evidence, and should be affirmed.

## IT IS THEREFORE RECOMMENDED THAT:

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability and disability income benefits, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**


Date:   August 27, 2008                              s/Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SIZEMORE, | : | Case No. 1:05-cv-115 |
| | : | |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).