UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Sizemore,

    Plaintiff,

    v.                                   Case No. 1:05cv115

Commissioner of Social Security,       Judge Michael R. Barrett

    Defendant.

**ORDER**

Before the Court is the August 27, 2008 Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 35)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1]  Plaintiff filed timely Objections to the R&R.  (Doc. 36)

**I.    PROCEDURAL BACKGROUND**

On September 15, 2005, Plaintiff filed an applications for DIB and SSI alleging a disability onset date of April 18, 1978, due to "being an ex-convict" and therefore "unemployable." (Tr. 38-40) Plaintiff's claims were denied initially and on reconsideration. In a letter dated October 7, 2004, Plaintiff declined to appear at a hearing before an Administrative Law Judge ("ALJ") and instead requested that a decision be made on the record.  (Tr. 80-82)  On October 28, 2004, the ALJ entered his decision finding Plaintiff not

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

disabled because he did not have severe impairment. That decision became the Commissioner's final determination upon denial of review by the Appeals Council on December 20, 2004. (Tr. 5-9)

## II. MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge recommends affirming the ALJ's finding of non-disability. The Magistrate Judge noted that Plaintiff's own statements and reported activities support the ALJ's finding that he did not have any impairments that significantly limited his ability to perform basic work activities. The Magistrate Judge reviewed statements Plaintiff made in his application for disability benefits and to Dr. Fritzhand, who performed a consultative physical examination. The Magistrate Judge also reviewed the findings of Dr. Rosenthal, a clinical psychologist who evaluated Plaintiff, and the findings of Dr. Coffman and Dr. Lewin, state agency psychologists. Finally, the Magistrate Judge reviewed the statements made by Plaintiff about his daily activities. The Magistrate Judge concluded that Plaintiff failed to meet his burden of showing he had an impairment or combination of impairments that significantly limited his ability to do basic work activities.

Plaintiff argues that the following errors were made: (1) Plaintiff has not been afforded the liberal construction standard applicable to *pro se* litigants; (2) the Court could have appointed counsel for Plaintiff; (3) discovery was not permitted; (4) Plaintiff has not claimed a physical disability, and therefore any "references to physical maladies or reliance upon reports by doctors such as Fitzhand, are . . . nothing more than distractive debris;" (5) the Magistrate Judge failed to address Dr. Rosenthal's diagnosis and instead relied on the reports of two "paper doctors;" and (6) the Magistrate Judge did not address two psychological evaluations attached to Plaintiff's Motion for Appointment of Counsel and

Motion for Judgment (Doc. 33).

### III. ANALYSIS

#### A. Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

#### B. Standard applicable to *pro se* litigants

"*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that allegations in a *pro se* complaint are held "to less stringent standards than formal pleadings drafted by lawyers"). However, *pro se* litigants must still comply with all procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### C. <u>Appointment of counsel</u>

On May 2, 2008, the Magistrate Judge denied Plaintiff's Motion to Appoint Counsel. (Doc. 34) The Magistrate Judge recognized that the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The Magistrate Judge found that this case was not one where exceptional circumstances warranted the appointment of counsel in a civil proceeding. To the extent that Plaintiff objects to that finding, the Court finds that Plaintiff's objections are untimely. Under Federal Rule of Civil Procedure 72(a), a party may object to a Magistrate Judge's written order on a nondispositive matter within ten days after being served with a copy. Plaintiff's Objections were not filed until September 8, 2008, which is well beyond the ten-day limit.

### D. <u>Discovery</u>

As this Court has previously recognized:

> Requests for discovery are not common in social security disability cases. Such cases are ordinarily decided based upon the record of administrative proceedings which occur before the Secretary. According to 42 U.S.C. § 405(g), the Court's review is based upon "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."

*Dawson v. Sullivan*, 136 F.R.D. 621, 622 (S.D.Ohio 1991). It appears that Plaintiff is seeking "hundreds {or thousands} of examples of disability benefits awarded by defendants to those with far less prevailing circumstance (sic) than those present in this case." However, this request was never made the subject of a motion to compel, and this Court is unable to rule upon an issue which is not before it.

### E. Physical disability

Plaintiff objects to the R&R to the extent that he has not claimed a physical disability. The Court finds that any discussion of Plaintiff's physical condition by the ALJ or the Magistrate Judge was merely for the sake of completeness. *See* 20 C.F.R. § 404.1520 (establishing a sequential evaluation process for disability determinations). Accordingly, it was not in error for the ALJ or the Magistrate Judge to refer to Plaintiff's physical condition.

### F. Dr. Rosenthal's opinion

Plaintiff argues that the Magistrate Judge failed to address Dr. Rosenthal's diagnosis and instead relied on the reports of two "paper doctors." The Court finds that both the ALJ and the Magistrate Judge discussed the opinion of Dr. Rosenthal. (Doc. 35, at 4; Tr. 16) Regarding the weight afforded to Dr. Rosenthal's opinion, the ALJ did not reject the opinion of Dr. Rosenthal, but merely acknowledged that Dr. Rosenthal diagnosed Plaintiff with a personality disorder, not otherwise specified, with antisocial and narcissistic traits. (Tr. 16) The ALJ also noted that Dr. Rosenthal opined that Plaintiff appeared to have no impairment in his ability to follow one or two step job instructions; was "mildly impaired" in his ability in his ability to tolerate the stress of day-to-day employment and relate to others; and was not impaired in his ability to sustain attention or concentration. (Id.) The ALJ also accepted the opinions of two consultative state agency psychologists, Drs. Coffman and Lewin, who reviewed the documentary evidence regarding Plaintiff's mental condition. (Id.) Based upon these opinions, the ALJ found that Plaintiff has had no severe mental impairment at any material time. (Tr. 17)

A severe impairment or combination of impairments is one which significantly limits

the physical or mental ability to perform basic work activities.  20 CFR §404.1520(c).  The severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act.  *Gist v. Sec'y of Health & Human Servs.*, 736 F.2d 352, 357 (6th Cir. 1984).  The Secretary's decision on this issue must be supported by substantial evidence.  *Mowery v. Heckler*, 771 F.2d 966 (6th Cir. 1985).  Based upon a review of the record, the Court finds that the ALJ's conclusion that Plaintiff does not have a severe mental impairment is supported by substantial evidence.  Therefore, there is no error in the Magistrate Judge's R&R on this point.

      G.    **Additional evidence**

Plaintiff has presented records of two "Mental Functional Capacity Assessment" forms, as well as a notice from the Butler County Department of Job and Family Services. (Doc. 33)  The first Mental Functional Capacity Assessment from was completed on November 18, 2003 by Dr. Lee.  Dr. Lee opines that Plaintiff is "markedly limited" in the ability to work in coordination with or proximity to others without being distracted by them and in the ability to ask simple questions or request assistance.  Dr. Lee also opined that Plaintiff is "extremely limited" in the ability to interact appropriately with the general public and the ability to accept instructions and respond appropriately to criticism from supervisors. The second Mental Functional Capacity Assessment form was completed on May 30, 2007 by Dr. Starkovich.  Dr. Starkovich diagnosed Plaintiff with antisocial personality disorder.  Dr. Starkovich opines that Plaintiff is "markedly limited" in the ability to ask simple questions or request assistance, the ability to respond appropriately to changes in the work setting, and the ability to set realistic goals or make plans independently of others.  Dr. Starkovich also opines that Plaintiff is "extremely limited" in

his ability to work in coordination or proximity to others without being distracted by them, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, ability to interact appropriately with the general public, ability to accept instructions and respond appropriately to criticism from supervisors, the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.  Finally, the notice from the Butler County Department of Job and Family Services is dated November 20, 2007, and indicates that Plaintiff's Medicaid for the Disabled benefits will continue.

A district court may remand a case to the Commissioner for consideration of additional evidence only if the party seeking remand demonstrates that (1) the evidence at issue is both "new" and "material," and (2) that there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g); *see also Cline v. Commissioner of Social Security*, 96 F.3d 146, 148 (6th Cir. 1996).

Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding."  *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

In a letter dated October 7, 2004, Plaintiff declined to appear at a hearing and requested a decision based on the record.  The ALJ's decision in this matter was entered on October 28, 2004, and the Appeals Council denied review on December 20, 2004.  Therefore, the November 18, 2003 Mental Functional Capacity Assessment is not "new."  The burden of providing a complete record rests on the claimant. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986).  In addition, as stated above,

while Plaintiff is proceeding *pro se*, he must still comply with all procedural rules. Therefore, the November 18, 2003 Mental Functional Capacity Assessment cannot serve as a basis for remand. However, the May 30, 2007 Mental Functional Capacity Assessment by Dr. Starkovich and the November 20, 2007 notice from the Butler County Department of Job and Family Services are "new" because they were created after the administrative proceedings.

To be "material" within the meaning of § 405(g), the new evidence (1) must be relevant and probative to plaintiff's condition prior to the Commissioner's decision and (2) must establish a reasonable probability that the Commissioner would have reached a different decision if the evidence had been considered. *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). New evidence on an issue already fully considered by the Commissioner is cumulative, and is not sufficient to warrant remand. *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980); *Thomas v. Schweiker*, 557 F. Supp. 580, 582 (S.D. Ohio 1983). Evidence that plaintiff's condition has deteriorated since the Commissioner's decision is not material. *Sizemore*, 865 F.2d at 712; *Oliver*, 804 F.2d at 966. If plaintiff has experienced serious deterioration since the Commissioner's decision, the appropriate remedy is to file a new application. *Sizemore*, 865 F.2d at 712.

The notice from the Butler County Department of Job and Family Services is not evidence which would establish a reasonable probability that the Commissioner would have reached a different decision if it had been considered. The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Therefore, the notice cannot serve as a basis

for remand.

The May 30, 2007 Mental Functional Capacity Assessment by Dr. Starkovich is relevant and probative to Plaintiff's condition, but it is not clear as to what time period D. Starkovich's findings apply. Dr. Starkovich's exam took place well over two years after the Commissioner's decision in this matter. Dr. Starkovich's findings could very well be based upon a condition which has deteriorated since the Commissioner's decision. Indeed, comparing the May 30, 2007 Assessment with the Assessment from November 18, 2003, shows that Plaintiff was found to be "extremely limited" in far more areas. The deterioration of Plaintiff's condition since the time of the Commissioner's decision is not material. Moreover, Plaintiff made no indication before the ALJ's decision was entered that more information would be forthcoming. In fact, in his letter declining a hearing before the ALJ, Plaintiff states: "Please judge my application and appeal on the record. I have all along maintained that the record, itself, should provide all necessary support or disability cause required." (Tr. 81) Based on the foregoing, the Court finds that the Mental Functional Capacity Assessment by Dr. Starkovich is not material.

Even if the Court were to find the Assessment by Dr. Starkovich to be material, the Court finds that Plaintiff has failed to show good cause for failing to submit the information earlier. A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001), *citing Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (1984) (per curiam). The Sixth Circuit has indicated that a plaintiff's *pro se* status is relevant to the "good cause" inquiry. *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 485 (6th Cir. 2006), *citing Jones v.*

*Sullivan*, 949 F.2d 57, 61 (2d Cir. 1991). However, aside from his status, Plaintiff provides no reason for failing to acquire this information and provide it to the ALJ. Accordingly, the Court finds that the Mental Functional Capacity Assessment by Dr. Starkovich cannot serve as a basis for remand.

## IV.     CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the August 27, 2008 Magistrate Judge's R&R (Doc. 35) is hereby **ADOPTED.** The Court finds that ALJ's decision is supported by substantial evidence and the decision of the ALJ is affirmed. This matter shall be closed and terminated from the Court's docket.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court